UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN F. LECHNER,

    Plaintiff,

v.                                                               Hon. Paul L. Maloney

MAARTEN VERMAAT                           Case No. 2:20-cv-143

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff John F. Lechner has sued Defendant Maarten Vermaat, who served as the Assistant United States Attorney in Plaintiff's criminal case, *United States v. Lechner*, Case No. 2:11-cr-49 (W.D. Mich.). Following a jury trial in 2012, Plaintiff was convicted of five of the charged offenses and acquitted of two. Plaintiff was sentenced to 51 months' imprisonment. In his complaint, Plaintiff alleges that Defendant committed fraud on the court during the criminal trial. (ECF No. 1 at PageID.2–3.) For relief, Plaintiff "prays that this Honorable Court carefully examines the information submitted and comes to the conclusion that there was fraud on the court and will investigate this complaint to the highest degree and return this case back to the Court with the proper jurisdiction for further review and for whatever relief the Honorable Court would deem proper." (*Id.* at PageID.20.)

      Plaintiff's complaint is a pro se complaint subject to screening under to 28 U.S.C. § 1915(e)(2)(B), which provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that," among other grounds, the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The Sixth Circuit has held that "a district court may not *sua sponte* dismiss a complaint where the filing

fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). However, the court identified an exception to this rule. That is, a district court may dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 478 (citing *Hogans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

Plaintiff's amended complaint falls comfortably within *Apple*'s exception. Because Defendant was the prosecutor in Plaintiff's criminal case, Defendant is immune from suit pursuant to the well-established doctrine of prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors are entitled to absolute immunity for activities "intimately associated with the judicial phase of the criminal process"); *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (discussing prosecutorial immunity).

Moreover, Plaintiff's complaint is devoid of merit and no longer open to discussion to the extent he seeks relief from his criminal conviction in this civil case. Plaintiff can obtain such relief "only by directly appealing his convictions, filing a timely motion under Federal Rule of Criminal Procedure 35, or seeking to vacate, set aside, or correct his sentences under 28 U.S.C. § 2255." *Cobble v. Simpson*, No. 3:09CV-682, 2009 WL 3423444, at *2 (W.D. Ky. Oct. 14, 2009). Plaintiff has already filed a motion pursuant to 28 U.S.C. § 2255, as to which the Sixth Circuit declined to issue a Certificate of Appealability. *Lechner v. United States*, No. 18-1765, 2018 WL 8758699 (6th Cir. Oct. 29, 2018). Finally, "[a] federal district court lacks jurisdiction to disturb a federal criminal conviction as part of an independent civil action against the government officials involved

in securing the conviction." *Cobble*, 2009 WL 3423444, at *2 (citing *Hamilton v Simpson*, 31 F. App'x 889, 890 (6th Cir. 2002)).

Accordingly, I recommend that Plaintiff's action be **DISMISSED**.

Dated:  November 2, 2020              /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).