UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN F. LECHNER, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-143 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| MAARTEN VERMAAT, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff John Lechner alleges Defendant Maarten Vermaat committed a fraud on the court. Vermaat, a former Assistant United States Attorney, successfully prosecuted Lechner in a jury trial in 2012. The Magistrate Judge reviewed the complaint and issued a report recommending the lawsuit be dismissed. (ECF No. 8.) Plaintiff filed objections. (ECF No. 10.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge recommends dismissing the complaint for lack of subject-matter jurisdiction.

### A. Prosecutorial Immunity

The Magistrate Judge finds that the alleged conduct fell within the scope of Defendant's acts as a prosecutor and, therefore, Defendant is entitled to prosecutorial immunity. Plaintiff objects, asserting that prosecutorial immunity does not protect an individual when he or she commits criminal acts.

Plaintiff's objection is overruled. Prosecutorial immunity extends to the initiation and presentation of a criminal action, as well as those activities taken while functioning as a prosecutor. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). The critical test is whether the "actions in question are those of an advocate." *Id.* (quoting *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003)). Here, the conduct about which Plaintiff complains falls squarely within the inquiry—the acts were that of an advocate, the prosecutor presenting a case to the jury.

### B. Devoid of Merit

The Magistrate Judge also finds that the Plaintiff cannot seek relief for his criminal conviction in this civil case. Plaintiff objects. Plaintiff argues that any judgment procured by fraud can be set aside.

Plaintiff's objection is overruled. Plaintiff has a mechanism for proving the alleged fraud on the court in his criminal action; he can file an appeal and then a habeas petition. Plaintiff cannot, however, file a civil lawsuit against the prosecutor in an attempt to prove malfeasance in his criminal case if success in the civil case "would necessarily demonstrate the invalidity" of his conviction. *Thomas v. Eby*, 481 F.3d 434, 439 (6th Cir. 2007) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

For these reasons, the Court **ADOPTS as its opinion** the Report and Recommendation (ECF No. 8). The Court **DISMISSES** Plaintiff's lawsuit for lack of subject matter jurisdiction. **IT IS SO ORDERED.**

Date: December 2, 2020               /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge